UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>Lehman Brothers Holdings Inc.,<br><br>                    Debtor, | 26 Civ. 1184 (KPF)<br><br>**ORDER** |

KATHERINE POLK FAILLA, District Judge:

On April 10, 2026, Appellant in the above matter filed an emergency motion seeking to halt the foreclosure of his property, along with a memorandum of law in support thereof. (Dkt. #10-12). On April 13, 2026, he then filed another emergency motion seeking similar relief. (Dkt. #13). That same day, he filed a third emergency motion — this one for sanctions against Appellant's counsel. (Dkt. #14). On May 1, 2026, the Court held a hearing to discuss Appellant's motions. At the hearing, the Court denied all three motions. (May 1, 2026 Minute Entry). Then, on May 8, 2026, Appellant filed a Motion for Reconsideration. (Dkt. #25). He then filed an Amended Motion for Reconsideration on May 11, 2026. (Dkt. #26). The Court denies both motions.

Local Civil Rule 6.3 of the Joint Local Rules of the Southern and Eastern Districts of New York governs motions for reconsideration in civil cases. A motion to reconsider "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader* v. *CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). This is an intentionally strict standard: "Reconsideration of a prior order … is

an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *U.S. Sec. & Exch. Comm'n* v. *Collector's Coffee Inc.*, No. 19 Civ. 4355 (VM), 2025 WL 1068751, at *1 (S.D.N.Y. Apr. 9, 2025) (quoting *Sikhs for Just.* v. *Nath*, 893 F. Supp. 2d 598, 605 (S.D.N.Y. 2012)); *accord Kolel Beth Yechiel Mechil of Tartikov, Inc.* v. *YLL Irrevocable Tr.*, 729 F.3d 99, 108 (2d Cir. 2013).

Appellant argues that reconsideration is warranted here because "the Court appears to have overlooked controlling factual matters, the Law of the Case, Judicial Estoppel and judicial admissions in the Lehman Bankruptcy Record … that establish that both the debtor … and creditors, including U.S. Bank operated under the established *law of the case* that the Bankruptcy Court had exclusive subject matter jurisdiction and the automatic stay applied to individual loans within the 244 RMBS Covered Settlement Trusts." (Dkt. #26 at 10). Appellant's motions are denied because he is wrong that the Court overlooked the matters he now seeks to bring to the Court's attention.

Appellant has previously made his exact argument for why the Bankruptcy Court had exclusive subject matter jurisdiction and the automatic stay applied. (*See, e.g.*, Dkt. #10 at 4-5, Dkt. #13 at 3-5). The Court considered and rejected those arguments at the May 1, 2026 conference. Reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Survs., Inc.* v. *Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks omitted) (quoting *Sequa*

*Corp.* v. *GBJ Corp.,* 156 F.3d 136, 144 (2d Cir. 1998))).  Because that is exactly what Appellant seeks to do here, his motions are DENIED.

The Clerk of Court is directed to terminate the pending motions at docket entries 25 and 26.  Further, the Clerk of Court is directed to mail a copy of this Order to Appellant at his address on record.

SO ORDERED.

Dated:   May 11, 2026
         New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

3