IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

EDWARD O'HARA, Appellant, v. US BANK NATIONAL ASSOCIATION, Appellee.

Case No. 1:26-cv-01184 (KPF)

RE: EDWARD O'HARA - In re: LEHMAN BROTHERS HOLDINGS INC., Case No. 08-13555

APPEAL FROM THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

APPELLANT'S MOTION TO SUPPLEMENT RECORD ON APPEAL

**MEMO ENDORSED**

## PRELIMINARY STATEMENT

Pursuant to Federal Rule of Appellate Procedure 10(e) and Federal Rules of Bankruptcy Procedure 8009 and 8015, Edward O'Hara, pro se Appellant, respectfully moves this Court to supplement the record on appeal with five critical stipulations from the official docket of the *In re Lehman Brothers Holdings Inc.* bankruptcy, Case No. 08-13555 (Bankr. S.D.N.Y.).

This appeal arises from and is inextricably intertwined with the Lehman Bankruptcy proceedings, which remain pending and under active administration. The Appellant appeared in the Lehman Bankruptcy and filed motions in the case, and also filed a Lehman Bankruptcy 1:08-bk-13555 associated Adversary case .. The adversary case below (24-04034) was commenced within and as part of these ongoing Lehman Bankruptcy proceedings. The documents sought for supplementation are not

extraneous—they are part of the official Lehman Bankruptcy docket (**ECF Nos. 5191, ( EXHIBIT 1) 5913  ( EXHIBIT 2) , 8350 ( EXHIBIT 3) , 19256 ( EXHIBIT 4) , and 22331 (EXHIBIT 5) 29861 ( EXHIBIT 6)** that demonstrate need for trustees of RMBS Trusts, all non-debtor securitization trusts ( and all trusts listed in the Lehman RMBS Settlement ECF Doc 55232) to seek relief of the automatic bankruptcy stay in the Lehman Bankruptcy to enable said trustees to pursue state foreclosure cases of individual mortgage loans in said " non-debtor" trusts,meaning not the property of the Lehman Bankruptcy Estate. These documents, from the same ongoing litigation, and part of the case record and Law of the Case of the Lehman Bankruptcy are essential to prove the fact that the Lehman Bankruptcy's automatic stay was also in full effect over RMBS trusts which were not property of Lehman Brothers Holdings, Inc, the debtor.   , as well as evidence  the Bankruptcy Court's exercise of jurisdiction over the RMBS Settlement trusts  beginning in 2009.

All of the trusts were originally sponsored by Lehman Brothers or by its wholly owned subsidiary BNC Mortgage LLC, which also filed for Chapter 11 protection. The Lehman and BNC bankruptcies are jointly administered under Case No. 08-13555 by the Lehman Bankruptcy Court. The stipulations were court-ordered agreements entered in the Lehman Bankruptcy proceedings for trustees, including US Bank or its predecessors, to obtain relief from the automatic stay to proceed with foreclosures on individual mortgage loans in the RMBS Settlement trusts. All of the RMBS Trusts at issue are listed as Lehman Bankruptcy RMBS Settlement "covered settlement trusts" in exhibit A of Lehman Bankruptcy ECF Doc 55232, which is included in the Appellant's Designation of Record, as well as listed on the Appellant's List of motions seeking lift of

2

stay in the Lehman Bankruptcy, Exhibit 1 A in the Reply Brief Appendix, as well as an exhibit and mentioned in the Hearing of May 1, 2026 for the Emergency Motion for Declaratory Relief and Injunction.Doc 10 and Doc 11 in this instant case.

**RELATED CASE FILING ALSO REQUESTED**: ( **EXHIBIT 7)** Case 1:25-cv-01001, Doc. 39, US Bank's  Opposition to "Reinstate" or "Reimpose" the automatic stay over the LXS 2006-12 N Trust in the Lehman Bankruptcy. This case was the Appeal from the Appellant's motions filed in the Lehman Bankruptcy Case. This appeal was consolidated with 1:25-cv-01014, then Remanded bank to the Bankruptcy Court, to continue with case 24-04034, of which this current case is an appeal of. This motion is essential as it proves that there was (1) the subject matter of the Lehman  Bankruptcy Court and there was a stay over the LXS 2006-12 N Trust. ba stay over

## CONTINUITY WITH THE LEHMAN BANKRUPTCY PROCEEDINGS

This appeal is not an isolated proceeding—it is the latest chapter in the ongoing *In re Lehman Brothers Holdings Inc.* bankruptcy saga that began on September 15, 2008. Key continuity factors include:

1. Single Administrative Unit: The Lehman Brothers Holdings Inc. and BNC Mortgage LLC bankruptcies are jointly administered under one docket (Case No. 08-13555) before one Bankruptcy Court.

2. Same Judicial Forum: All proceedings—the original Chapter 11 filings, the RMBS Settlement stipulations, the adversary case 24-04034, and the dismissal order on

appeal—have been before the same Bankruptcy Court for the Southern District of New York.

3. Continuous Docket: The Lehman Bankruptcy docket (ECF) has been continuously maintained since 2008, with the requested stipulations entered at ECF Nos. **5191** (1/14/2009), **5913 (11/23/**2009), **8350(** 8/15/2011), **19256 (8/15/2011)** , **22331(11/18/2011)** and **2986**1 (8/7/2012)

4. Same Trusts: The RMBS Settlement trusts were sponsored by Lehman Brothers and/or BNC Mortgage LLC and were under the Bankruptcy Court's supervision as part of the jointly administered estates.

5. Same Issue: The automatic stay in the Lehman Bankruptcy has been applied to these trusts, as evidenced through court-ordered stipulations from 2009.

## PROCEDURAL HISTORY

1. September 15, 2008: *In re Lehman Brothers Holdings Inc.* bankruptcy filed (Case No. 08-13555, Bankr. S.D.N.Y.), establishing the overarching proceeding to which this appeal relates.

2. September 30, 2024: Appellant entered appearance in the Lehman Brothers bankruptcy (Case 08-13555), becoming party to the ongoing proceedings.

3. October 30, 2014: Appellant filed Adversary Case 24-04034 within the Lehman Bankruptcy proceedings (Case 08-13555), seeking determination of rights  the Lehman Bankruptcy Court's subject matter jurisdiction and of rights under the automatic stay applicable to the jointly administered estates.

4. Adversary Case 24-04034 dismissed.

5.  Appellant appealed, creating Case 1:25-cv-01001.

6.  Second appeal filed, creating Case 1:25-cv-01014.

7.  Judge Carter consolidated appeals 1:25-cv-01001 and 1:25-cv-01014.

8.  Judge Carter remanded consolidated appeals to the Lehman Bankruptcy Court (Case 08-13555) for further proceedings.

9.  Chief Judge Glenn of the Lehman Bankruptcy Court dismissed Adversary Case 24-04034 on January 22, 2026.

10. Appellant filed this appeal (Case 1:26-cv-01184) from the Lehman Bankruptcy Court's dismissal order.

## ARGUMENT

### I. THE REQUESTED DOCUMENTS ARE PART OF THE LEHMAN BANKRUPTCY DOCKET AND ESSENTIAL TO THIS APPEAL, Regarding Threshold Issue of Subject Matter Jurisdiction

The requested stipulations are not new documents—they are official entries on the Lehman Bankruptcy docket (ECF Nos. 5191, 5913, 8350, 19256,22331  and 29861) filed between January 2009 and August 2012. These documents were filed in the jointly administered Lehman Brothers and BNC Mortgage LLC bankruptcy proceedings (Case No. 08-13555). Each stipulation bears the case caption "In re: LEHMAN BROTHERS HOLDINGS INC., et al." and was entered by the same Bankruptcy Court now presiding over the adversary proceedings below.

These stipulations establish the pattern of the Lehman Bankruptcy Court ordering stipulations for trustees of the non-debtor securitization trusts( Lehman Bankruptcy RMBS Settlement ) trusts to obtain relief from the automatic stay to proceed with

5

foreclosures on individual mortgage loans. Each stipulation is titled "Stipulation for non-debtor securitization trust for relief of stay to proceed with foreclosure of individual mortgage loan in one of the RMBS Settlement trusts"—demonstrating the court's understanding that these trusts were subject to the automatic stay in the Lehman Bankruptcy.

## II. THE STIPULATIONS DEMONSTRATE THE BANKRUPTCY COURT'S CONTINUOUS EXERCISE OF JURISDICTION OVER RMBS TRUSTS

US Bank argues the Bankruptcy Court lacked jurisdiction because the LXS 2006-12 N Trust was not a Lehman asset. However, these stipulations prove the Lehman Bankruptcy Court consistently exercised jurisdiction over the RMBS Settlement trusts by ordering stipulations for trustees to obtain relief from the automatic stay.

The requested stipulations demonstrate that from January 2009 through at least May 2010—more than a year into the Lehman Bankruptcy proceedings and continuously thereafter—the Bankruptcy Court exercised jurisdiction over the RMBS Settlement trusts by ordering stipulations for trustees to obtain relief from the automatic stay. This was not a one-time event but a continuous pattern of judicial supervision over non-debtor trusts created by the debtors.

The RMBS Settlement trusts were all originally sponsored by Lehman Brothers or its wholly owned subsidiary BNC Mortgage LLC. The Lehman and BNC bankruptcies are jointly administered under Case No. 08-13555. The Second Circuit has held that bankruptcy courts have jurisdiction over proceedings "arising under title 11 or arising in or related to cases under title 11." 28 U.S.C. § 1334; *In re Lionel Corp.*, 29 F.3d 88, 91

(2d Cir. 1994). The pattern of court-ordered stipulations establishes that the Lehman Bankruptcy Court was exercising jurisdiction over these non-debtor trusts.

### III. THE STIPULATIONS ARE NECESSARY FOR COMPLETE REVIEW OF THIS LEHMAN-RELATED APPEAL on THE THRESHOLD DISPOSITIVE ISSUE OF SUBJECT MATTER JURISDICTION

Without these documents, this Court cannot fully evaluate the Lehman Bankruptcy Court's exercise of jurisdiction over the RMBS Settlement trusts. This appeal cannot be reviewed in isolation from the Lehman Bankruptcy proceedings. The jurisdictional question—whether the Bankruptcy Court had authority to order the automatic stay as to non-debtor RMBS trusts—can only be answered by examining how the court actually exercised that authority throughout the Lehman Bankruptcy proceedings. The requested stipulations are essential to that examination.

The stipulations show the Lehman Bankruptcy Court ordered trustees to acknowledge the automatic stay applied to non-debtor securitization trusts, contradicting US Bank's current position. This pattern is essential to understanding the court's exercise of subject matter jurisdiction, whether for a certain period, or until the closing of the Lehman Bankruptcy per Lehman Bankruptcy ECF Doc 23023, 23023-1, and LB ECF Doc. 45313, over these related non-debtor entities throughout the Lehman Bankruptcy proceedings.

Federal Rule of Appellate Procedure 10(e) permits supplementation of the record when necessary for the court's review. These stipulations from the Lehman Bankruptcy docket are directly relevant to the jurisdictional question and the doctrine of law of the case.

## CONCLUSION

For the foregoing reasons, Appellant respectfully requests that this Court grant the motion to supplement the record on appeal with Exhibits 1 through 7 from the Lehman Bankruptcy docket (Case No. 08-13555).

Respectfully submitted,

_Edward O'Hara_____ Edward O'Hara *Pro Se* Appellant

## CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2026, I filed the foregoing document with the clerk of court and sent a copy via email to the following parties:

_Edward O'Hara_ Edward O'Hara

Logan Rappaport lrappaport@hinshawlaw.com

Schuyler Kraus skraus@hinshawlaw.com

The Court understands that Appellees do not oppose Appellant's above request. It is therefore GRANTED.

The Clerk of Court is directed to terminate the pending motion at docket entry 31.

Dated:    May 27, 2026          SO ORDERED.
          New York, New York

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE