UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>Lehman Brothers Holdings Inc.,<br><br>Debtor. | 26 Civ. 1184 (KPF)<br><br>**ORDER** |

KATHERINE POLK FAILLA, District Judge:

On April 10, 2026, Appellant in the above matter filed an emergency motion seeking to halt the foreclosure of his property, along with a memorandum of law in support thereof. (Dkt. #10-12). On April 13, 2026, he then filed another emergency motion seeking similar relief. (Dkt. #13). That same day, he filed a third emergency motion — this one for sanctions against Appellant's counsel. (Dkt. #14). On May 1, 2026, the Court held a hearing to discuss Appellant's motions. At the hearing, the Court denied all three motions. (May 1, 2026 Minute Entry). The Court memorialized its decision in an Order dated May 15, 2026. (Dkt. #29).

On May 8, 2026, Appellant filed a Motion for Reconsideration. (Dkt. #25). He then filed an Amended Motion for Reconsideration on May 11, 2026. (Dkt. #26). The Court denied both motions on May 11, 2026. (Dkt. #28). Subsequently, Appellant filed an interlocutory appeal of the Court's Order denying his various motions. (Dkt. #35).

Now Appellant seeks a third bite at the apple. Specifically, on June 5, 2026, he filed a motion to vacate the Court's May 15, 2026 Order, which memorialized the Court's May 1, 2026 Oral Decision, under Federal Rule of

Civil Procedure 60(b)(4). (Dkt. #37-39). On June 8, 2026, he then emailed an amended motion and amended memorandum of law to the Court. Those amended documents are now on the docket. (Dkt. #44-45). Appellee responded on June 18, 2026. (Dkt. #42). Appellant replied on June 23, 2026. (Dkt. #43). The Court considers the Amended Motion here.

Rule 60(b)(4) applies only in the following two narrow contexts: (i) where a judgment is premised on a specific jurisdictional error or (ii) where a judgment has violated the movant's due process which deprives her of notice or an opportunity to be heard. *SEC* v. *Romeril*, 15 F.4th 166, 171 (2d Cir. 2021) (citing *United Student Aid Funds, Inc.* v. *Espinosa*, 559 U.S. 260, 271 (2010)). If an appeal has been taken, as here, "[t]his Circuit allows a district court either to 'entertain and *deny* [a] rule 60(b) motion' without the circuit court's permission, or '*grant* a rule 60(b) motion ... if the moving party obtains permission from the circuit court.'" *King* v. *First Am. Investigations, Inc.*, 287 F.3d 91, 94 (2d Cir. 2002) (quoting *Toliver* v. *County of Sullivan*, 957 F.2d 47, 49 (2d Cir. 1992)). Here, there is no indication that the Circuit Court has granted Appellant permission to file his motion, so the Court may not grant it. The Court may deny the motion, however, and does so here.

Appellant argues that the Court's prior order was "void for lack of subject matter jurisdiction," invoking only the first ground for Rule 60(b)(4) relief. (Dkt. #45 at 16). Notably, the Court has already responded to, and rejected, Appellant's argument about the Court's subject matter jurisdiction two times before. (Dkt. #40 at 59:12-59:20 ("But even despite the many, many rabbit

holes that I have gone down in reviewing his evidence, I don't see [Appellant's argument regarding subject matter jurisdiction]."); Dkt. #28 at 2 (declining to reconsider the previous rejection of Appellant's subject matter jurisdiction arguments)).

On his third attempt at convincing the Court that it lacks jurisdiction, Appellant asserts that "US Bank … lacks Article III standing" and that "the underlying state court judgment … is itself a void nullity." (Dkt. #45 at 12). On the second point, Appellant's argument in substance is not that this Court lacks subject matter jurisdiction, but rather that "the state court never acquired subject matter jurisdiction over the action." (*Id.* at 12-13). No matter how the Court conceives of Appellant's arguments, they fail.

Put simply, Appellant misunderstands how jurisdiction operates. *First*, as Appellee points out, it is Appellant who invokes the Court's jurisdiction here. (Dkt. #42 at 9-10). If the Court lacked jurisdiction to enter the May 15, 2026 Order *denying* Appellant's motions, it would also lack jurisdiction to enter an alternate order *granting* Appellant's motions. *See, e.g.*, *Lopez* v. *N.Y.C. Dep't of Homeless Serv.*, No. 17 Civ. 3014 (MKV), 2023 WL 3255338, at *5 (S.D.N.Y. May 4, 2024) ("Without jurisdiction, the Court has 'no power to hear a case' or to order any relief." (quoting *Arbaugh* v. *Y&H Corp.*, 546 U.S. 500, 514 (2006))); *Grubisic* v. *Esperdy*, 229 F. Supp. 679, 680 (S.D.N.Y. 1964) ("Lack of subject matter jurisdiction renders the court powerless to grant any relief.").

That certainly is not what Appellant seeks. Indeed, he plainly states that "the Court lacked subject matter jurisdiction to *deny* the stay." (Dkt. 44 at 4

(emphasis added)). And he asks the Court to now grant him an emergency stay pending appeal. (Dkt. #44 at 6). That is not how jurisdiction works. *See, e.g.*, *Lopez*, 2023 WL 3255338, at *5. Appellant's asymmetrical view of jurisdiction is wrong, and it provides no grounds for relief under Rule 60(b)(4).

*Second*, Appellant's assertion that the state court lacked subject matter jurisdiction is of no moment on a Rule 60(b)(4) motion. Even putting aside the *Rooker-Feldman* doctrine, which prohibits federal courts other than the Supreme Court from reviewing state court judgments, *see Exxon Mobil Corp.* v. *Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005), an argument about *state court* jurisdiction cannot support a Rule 60(b)(4) motion.

Indeed, "it is well settled that Rule 60(b)(4) provides for relief from judgment 'only when the court that *rendered* the judgment lacked jurisdiction over the subject matter or the parties.'" *Miran* v. *Solomon*, No. 15 Civ. 6133 (MAT), 2019 WL 5694225, at *3 (W.D.N.Y. Nov. 4, 2019) (quoting *Reardon* v. *Leason*, 408 F. App'x 551, 553 (3d Cir. 2010), and collecting cases); *see also Smalls* v. *Smith*, No. 05 Civ. 5182 (CS), 2009 WL 2902516, at *4 (S.D.N.Y. Sept. 10, 2009) (holding that a challenge to "the jurisdiction of the state court in which [the defendant] was convicted ... cannot be revived via a Rule 60(b) motion"). In other words, "Rule 60(b)(4) does not permit this Court to declare the judgment of a State court void." *Miran*, 2019 WL 5694225, at *3 (collecting cases). Appellant's arguments about the jurisdiction of the state court to issue the underlying judgment are thus irrelevant to a Rule 60(b)(4) motion.

In sum, Appellant has no valid argument that this Court lacked jurisdiction to issue its May 15, 2026 Order. Accordingly, Appellant's Rule 60(b)(4) motion is DENIED.

The Clerk of Court is directed to terminate the pending motions at docket entries 37 and 44. Further, the Clerk of Court is directed to mail a copy of this Order to Appellant at his address on record.

SO ORDERED.

Dated: July 8, 2026
New York, New York



KATHERINE POLK FAILLA
United States District Judge