MEMO ENDORSED

UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK

EDWARD O'HARA, Appellant, JULY 13, 2026

v.

U.S. BANK NATIONAL ASSOCIATION, as Trustee for the LXS 2006-12N Trust, Appellee.

RECEIVED SDNY DOCKET UNIT 2026 JUL 13 PM 2:46

Case No. 1:26-cv-01184-KPF

MOTION FOR JUDICIAL NOTICE OF ADJUDICATIVE FACTS AND FOR LEAVE TO FILE SUPPLEMENTAL BRIEF ON SUBJECT MATTER JURISDICTION

PRELIMINARY STATEMENT

Appellant Edward O'Hara respectfully moves this Court, pursuant to Federal Rule of Evidence 201 and the Court's inherent authority to address jurisdictional issues at any time, for an Order: (1) taking judicial notice of specific adjudicative facts from SEC Form 8-K filings already in the court record (Dkt. #45, Exhibits 1-13); and (2) granting leave to file a supplemental brief addressing Appellee U.S. Bank's

Article III standing as a threshold jurisdictional issue that this Court has an independent, non-waivable duty to address before ruling on the pending appeal.

This motion is not a request for substantive relief. It is not a motion to vacate any order. It is not a motion for reconsideration. Appellant seeks only to ensure that the Court addresses a jurisdictional issue — Appellee's Article III standing — that has never been adjudicated on the merits in any prior ruling, and that the Court has an independent obligation to consider before issuing a decision on the appeal.

The specific adjudicative facts for which judicial notice is sought are already in the court record as exhibits to Document 45. No new evidence is being introduced.

## MEMORANDUM OF LAW

### I. JUDICIAL NOTICE IS PROPER UNDER FEDERAL RULE OF EVIDENCE 201

Federal Rule of Evidence 201(d) provides: "A court may take judicial notice at any stage of the proceeding." This explicit authorization permits judicial notice even after briefing is complete and even while a matter is under submission.

The facts for which judicial notice is sought are adjudicative facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). They are drawn from Form 8-K filings made with the United States Securities and Exchange Commission — public records filed under criminal penalty for false statements, per Sarbanes-Oxley Act of 2002.

Courts routinely take judicial notice of SEC filings as public records whose accuracy cannot reasonably be questioned. See, e.g., *In re NAHC, Inc. Securities Litigation*, 306 F.3d 1314, 1331 (3d Cir. 2002) (taking judicial notice of "properly-authenticated public disclosure documents filed with SEC"); Kramer v. Time Warner Inc., 937 F.2d 767 (2d Cir. 1991)

**The specific facts Appellant requests the Court to notice are:**

**FACT 1**: On July 1, 2013, Ocwen Financial Corporation, through Ocwen Loan Servicing, LLC, sold and transferred its mortgage servicing rights — including the servicing rights for the LXS 2006-12N Trust — to Home Loan Servicing Solutions, Ltd. (Dkt. #45, Exhibits 2, 7).

**FACT 2**: The LXS 2006-12N Trust is listed in the Sale Supplement and Subservicing Supplement attached to the Form 8-K filings of both Ocwen and

HLSS as one of the trusts subject to the servicing transfer. (Dkt. #45, Exhibits 3, 4, 6, 8, 9, 11, 12).

**FACT 3**: Following the July 1, 2013 transaction, Ocwen Loan Servicing, LLC continued as subservicer of the mortgage loans in the LXS 2006-12N Trust. (Dkt. #45, Exhibits 2, 5, 7, 10).

**FACT 4:** On July 23, 2013, OneWest Bank, F.S.B. signed and transmitted a "Foreclosure Transmittal Package" to Marinosci Law Group, P.C., authorizing and instructing the law firm to commence a foreclosure action against Appellant's property. (Dkt. #45, Exhibit 1).

**FACT 5**: The Foreclosure Transmittal Package states that the "Mortgage [is] currently held by" and "[f]oreclosure should be in the name of" U.S. Bank National Association, as trustee for the LXS 2006-12N. (Dkt. #45, Exhibit 1).

**FACT 6**: Nowhere in the SEC 8-K filings of either Ocwen Financial Corporation or Home Loan Servicing Solutions, Ltd. is OneWest Bank, F.S.B. identified as a servicer, subservicer, or party to any servicing agreement for the LXS 2006-12N Trust. (Dkt. #45, Exhibits 2-12).

These facts are not subject to reasonable dispute. They are drawn from public SEC filings made under criminal penalty and are already in the court record.

## II. STANDING IS A JURISDICTIONAL ISSUE THE COURT HAS AN INDEPENDENT DUTY TO ADDRESS

Standing is a threshold jurisdictional issue that goes to the Court's subject matter jurisdiction. The Second Circuit has repeatedly held:

- "Standing is a threshold issue in every federal case." *Esseily v. Giuliani*, 22 F. App'x 77, 77 (2d Cir. 2001).
- "[A] district court has an unflagging duty to raise the issue [of subject matter jurisdiction] sua sponte whenever jurisdiction appears to be lacking." *Delacruz v. Club Monaco U.S., LLC*, No. 22-CV-6364 (JMF), 2024 WL 1827826, at *1 n.2 (S.D.N.Y. Apr. 26, 2024) (citing *Green Haven Prison Preparative Meeting of Religious Soc'y of Friends v. New York State Dep't of Corr. & Cmty. Supervision*, 16 F.4th 67, 78 (2d Cir. 2021)).
- "[Courts] 'are entitled at any time sua sponte to delve into the issue' of standing even if defendants do not raise the issue." *Id.* (internal quotation marks omitted).
- In Alliance For Environmental Renewal Inc. v. Pyramid Crossgates Co. ( 436 F.3d 82) the Second Circuit ruled that federal courts must resolve constitutional Article III standing as a threshold requirement before addressing the merits.

- Parties cannot waive objections to a party's standing, and such objections may be raised at any time during a proceeding by either the parties or the court. *United States v. 5-Stonewood Court,* 283 F.3d 95, 100 ( 2nd Cir. 2002)
- Because standing is jurisdictional, it is not subject to procedural limitations that apply to other arguments. The Court cannot issue a ruling on the pending appeal without first assuring itself that the parties before it have standing.

**III. THE MERITS OF THE STANDING ISSUE HAVE NEVER BEEN ADDRESSED**

The Court has denied Appellant's standing argument three times — but each denial was on procedural grounds, not on the merits:

1. First denial (May 1, 2026 hearing): The Court denied Appellant's emergency motions. The Court did not address the specific argument that OneWest Bank was a legal stranger based on the SEC 8-K evidence.
2. Second denial (May 11, 2026): The Court denied reconsideration without addressing the merits of the standing argument.

3. Third denial (July 8, 2026 Order, Dkt. #46): The Court denied Appellant's Rule 60(b)(4) motion. The Court held that Rule 60(b)(4) only applies when the court that rendered the judgment lacked jurisdiction — not when the state court lacked jurisdiction. The Court invoked the *Rooker-Feldman* doctrine. The Court stated that Appellant "misunderstands how jurisdiction operates" and has an "asymmetrical view of jurisdiction." But the Court did not address — and has never addressed — the specific factual question of whether OneWest Bank was a legal stranger when it authorized the foreclosure on July 23, 2013, as proven by the SEC 8-K filings.

The procedural denials did not adjudicate the merits of the standing issue. When a court denies relief on procedural grounds without addressing the merits, the underlying claim remains unadjudicated on the merits. . Sellan v. Kuhlman, 261 F.3d 303 (2d Cir. 2001)

## IV. THE STANDING ISSUE IS DISTINCT FROM THE ARGUMENTS THE COURT HAS ALREADY REJECTED

The Court has rejected two arguments: (a) that the state court judgment is void (rejected under *Rooker-Feldman*); and (b) that the Court's own prior order is void under Rule 60(b)(4) (rejected because Rule 60(b)(4) applies only when the rendering court lacked jurisdiction).

Appellant is not repeating those arguments. The standing issue presented here is different: whether Appellee U.S. Bank National Association has Article III standing to appear and participate in this federal appeal, given that the foreclosure upon which its participation is based was authorized by OneWest Bank — an entity that, according to the SEC 8-K filings, had no servicing relationship with the LXS 2006-12N Trust at the time it authorized the foreclosure.

This is a question of Article III standing — a jurisdictional prerequisite — not a collateral attack on the state court judgment. The Court need not review, vacate, or even examine the state court judgment to address this question. The Court need only evaluate whether Appellee has demonstrated an injury in fact sufficient to confer Article III standing.

## V. THE SPECIFIC FACTUAL QUESTION OF STANDING WAS NOT BEFORE THE CONNECTICUT STATE COURT

Appellee argues that "Appellee's standing to maintain the Foreclosure Action was necessarily and conclusively decided by the State Court upon entering the Foreclosure Judgment." (Dkt. #42 at 12). Prior or upon the entering of foreclosure judgment by the state court, the issue of legal stranger with the supporting evidence was never before the state court.

The specific factual issue, that One West Bank was not the servicer for the LXS 2006-12 N Trust prior to July 1, 2013, or after July 1 2013 was never brought before the state court. Prior to July 1 2013 Ocwen was the servicer of the LXS 2006-12 N Trust, after the sale by Ocwen to Home Loan Servicing Solutions on July 1, 2013, Ocwen remained the servicer. The fact, as evidenced by SEC filings, is that OneWest Bank ("1WestBank") was NOT the Servicer of the LXS 2006-12 N Trust, prior to July 1, 2013. 1 West Bank was a legal stranger when it initiated the foreclosure lawsuit by sending the Foreclosure Transmittal Package to the Marinosci Law Firm.

This very specific issue, was not brought before the Connecticut state court. The state court could not have "necessarily and conclusively decided" the standing issue based on that specific issue as it had never been raised.and therefore never considered by the state court.

**TIME LINE**

June 30, 2013 Ocwen is servicer

July 1, 2013 Ocwen sells servicing rights to HLSS ( Home Loan Servicing Solutions) Sale is memorialized by SEC 8-K filings by seller and buyer

July 1, 2013 Ocwen continues as Servicer for LXS 2006-12 N Trust

July 23, 2013, 1WestBank ( a complete legal stranger) authorized law firm to commence foreclosure

January 1, 2013 ( arbitrarily chosen) to the present day, no legal or representational relationship between 1WestBank and the LXS 2006-12N Trust. A complete legal stranger.

The pro se defendant had raised a mistaken fact, misreading SEC filed documents, that 1 WestBank was the servicer up until the July 1, 2013 sale date, which was not the case. The mistake, made by the pro se defendant, was to the detriment of the pro se defendant. The court ruled that perhaps 1WestBank had an ongoing duty to the trust as it had been servicer up until July 1, 2013. This ruling was based on a pro se mistake that just before the sale to HLSS on July 1, 2013, 1WestBank was servicer. **The SEC Documents clearly evidence that Ocwen was the servicer before July 1, 2013, and was the servicer after July 1, 2013. There is No evidence thereafter of 1WestBank having any servicing relationship, or representational authority relationship with the LXS 2006-12 N Trust**

The SEC 8-K evidence is already in this Court's record (Dkt. #45, Exhibits 1-13). Appellant requests that the Court take judicial notice of the specific facts documented therein and address their jurisdictional implications.

## VI. DEVELOPING THE RECORD FACILITATES DE NOVO REVIEW

"[I]t is generally good practice... for courts to give a party an opportunity to [develop the record regarding a] contemplated sua sponte dismissal for lack of standing because '[i]t... facilitates de novo review of legal conclusions by ensuring the presence of a fully-developed record before an appellate court...'" *Sarwar v. Town House Motor Inn, Inc.*, No. 1:22-CV-1256 (GTS/CFH), 2023 WL 2077978, at *2 (N.D.N.Y. Feb. 17, 2023) (citation omitted).

Addressing the standing issue now — while the appeal is pending — creates a fully developed record for de novo review by the Second Circuit, regardless of how this Court rules on the merits.

Per Eisen v. Carlyle 417 U.S. 905, 94, S. Ct. The Court granted a motion for leave to accept supplemental briefing concerning jurisdiction issue.

## VII. CONCLUSION

For the foregoing reasons, Appellant respectfully requests that the Court:

(1) Take judicial notice of the six specific adjudicative facts set forth in Section I, drawn from SEC 8-K filings already in the court record (Dkt. #45, Exhibits 1-13);

(2) Grant leave to file the attached Supplemental Brief on Subject Matter Jurisdiction; and

(3) Address the standing issue on the merits before issuing a ruling on the pending appeal.

Dated: July 13, 2026

Respectfully submitted,

Edward O'Hara

Edward O'Hara, *Pro Se* 1414 King Street Greenwich, CT 06831 Tel: (203) 550-1701 Email: eo.greenwichaltcapital@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on July 13, 2026, I served the foregoing Motion for Judicial Notice, Proposed Order, and Supplemental Brief on Appellee's counsel via email **lrappaport@hinshawlaw.com:**

J. Logan Rappaport, Esq. Hinshaw & Culbertson LLP 800 Third Avenue, 13th Floor New York, NY 10022

Edward O'Hara

Edward O'Hara

The Court has reviewed Plaintiff's request for (i) judicial notice of certain adjudicative facts and (ii) supplemental briefing on subject matter jurisdiction. (Dkt. #47). Both requests are DENIED.

The Court need not take judicial notice of the proffered facts at this juncture. And as explained previously, Plaintiff misapprehends the nature of standing. (Dkt. #46). The Court reminds Plaintiff that the relevant issues are on appeal (Dkt. #35), so further briefing is neither necessary nor appropriate.

The Clerk of Court is directed to terminate the pending motion at docket entry 47. Further, the Clerk of Court is directed to mail a copy of this Order to Appellant at his address on record.

Dated: July 16, 2026
New York, New York

SO ORDERED.

Katherine Polk Failla

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE